# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 98-30368
Summary Calendar

---

DONALD HARRIS,

Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana
State Penitentiary,

Respondent-Appellee.

---

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-938)

---

November 13, 1998

Before POLITZ, Chief Judge, DAVIS and JONES, Circuit Judges.

PER CURIAM:[*]

Donald Harris, a Louisiana state prisoner, appeals the denial of his 28 U.S.C. § 2254 petition. We do not review Harris's contention that the procedure used to identify him was impermissibly suggestive or that the state violated **Brady v. Maryland**[1] because the certificate of appealability is confined to the ineffective

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

[1] 373 U.S. 83 (1963).

assistance of counsel issues.[2]

Harris raised only two objections to the magistrate judge's report and recommendation: that counsel failed to object to allegedly "perjured" testimony and to the omission of a jury instruction regarding circumstantial evidence. We affirm the denial of these claims for the reasons assigned by the district court.[3] The trial judge did not commit error, plain or otherwise, in adopting the magistrate judge's recommendation that the court deny Harris's claims that his counsel was ineffective for failing to (1) move to suppress an out-of-court identification, (2) object to violations of **Brady**, and/or (3) request additional discovery.[4]

AFFIRMED.

---

[2] **Lackey v. Johnson**, 116 F.3d 149 (5th Cir 1997). Under plain terms of AEDPA (Antiterrorism and Effective Death Penalty Act, Pub.L. No. 104-132, 110 Stat. 1214), our review of a habeas petition is strictly limited to issues specified in the COA.

[3] **Harris v. Cain**, No. 97-CV-938, (W.D. La. Feb. 26, 1998).

[4] **Douglas v. United Serv. Auto. Ass'n.**, 79 F.3d 1415 (5th Cir. 1996) (en banc).